UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE C. LEMKE,

    Plaintiff,

v.

Case No. 11-14979

Honorable Patrick J. Duggan

H&R BLOCK MORTGAGE
CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., BAC HOME LOANS
SERVICING, LP, and THE FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 6, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On September 30, 2011, Duane Lemke ("Plaintiff") filed this action to quiet title to real property situated in Howell, Michigan. Before the Court is a motion to dismiss the Complaint, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendants Bank of America, N.A. ("Bank of America"),[1] the Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc.

---

[1] Bank of America is the successor to BAC Home Loans Servicing, LP ("BAC").

("MERS").  Also before the Court is a motion to dismiss filed pursuant to Rule 12(b)(6) by Defendant H&R Block Mortgage Corporation ("H&R"), now known as Ada Services Corporation.  On January 30, 2012, the Court indicated to the parties that it was dispensing with oral argument on these motions pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).[2]  For the reasons stated below, the Court grants Defendants' motions.

## I. Background

On April 2, 2007, Plaintiff obtained a loan of $231,000 from H&R and signed a promissory note for this obligation.  Compl. ¶ 11.  As security for the loan, Plaintiff executed a mortgage on real property located at 3892 North Latson Road in Howell, Michigan.  MERS was named the mortgagee as nominee for the lender and the lender's successors and assigns.  *Id.* ¶¶ 12-13.  The loan was apparently serviced by BAC.  On or about July 3, 2010, MERS assigned its interest in the mortgage to BAC.  *Id.* ¶ 17.  BAC soon initiated foreclosure proceedings by advertisement, and the property was sold at a sheriff's sale on September 22, 2010.  *Id.* ¶ 19.  The redemption period expired six months later, on March 22, 2011.

Plaintiff filed this action in Livingston County Circuit Court on September 30, 2011 to quiet title to the property.  Bank of America, MERS, and Fannie Mae removed the suit to this Court on November 10, 2011.  All Defendants have moved to dismiss the

---

[2] Although Defendants' motions to dismiss were filed on December 30, 2011 and November 18, 2011, respectively, Plaintiff has not responded to either motion.  Plaintiff's counsel apparently has not answered attempts by H&R's counsel to contact him.  Counsel for the remaining defendants also attempted to contact Plaintiff's counsel before filing their motion to dismiss, and was told that Plaintiff planned to amend the Complaint.  The Court notes that Plaintiff has not filed any request to amend.

2

Complaint, arguing that Plaintiff can no longer claim an interest in the property because the redemption period has expired.  H&R further argues that Plaintiff has not asserted that H&R claims an interest in the property.  Bank of America, MERS, and Fannie Mae also contend that BAC was permitted to foreclose by advertisement and that Plaintiff's claim fails because he has not offered to satisfy the outstanding loan obligation.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Bank of America, MERS, and Fannie Mae seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges.  *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946).

The Rule 12(b)(1) motion focuses on Plaintiff's "standing" to assert his claim to the property after the redemption period has expired.  District courts have noted, however, that the term "standing" is "a bit of a misnomer" in the context of this sort of mortgage-related claim.  *Tatar v. Trott & Trott, P.C.*, No. 10-12832, 2011 U.S. Dist. LEXIS 94708, at *19 n.3 (E.D. Mich. Aug. 3, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 U.S. Dist. LEXIS 74291, at *11 n.3. (E.D. Mich. July 11, 2011).  These courts have held that the standing requirement of Article III of the United States Constitution is satisfied, and the Plaintiff's failure to assert a claim during the redemption period is an issue that goes to the claim's merits.  *Brezzell*, 2011 U.S. Dist. LEXIS 74291, at *11 n.3.  The Court concludes that Defendants' arguments should therefore be addressed in the context of Rule

3

12(b)(6).

### III. Motions to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately,

4

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Defendants argue that the expiration of the redemption period bars Plaintiff's claims. Under Michigan law, once the redemption period has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Michigan Compiled Laws § 600.3236. At that point, the former owner can no longer assert claims with respect to the property. *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009). The filing of a lawsuit does not toll the redemption period. *Id.* "'The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'" *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The statutory redemption period expired on March 22, 2011, and Plaintiff filed this action more than six months later. Plaintiff alleges certain irregularities in the foreclosure process, but each of these claims is insufficient to justify an extension of the redemption period. Plaintiff asserts that the assignment of the mortgage to BAC was invalid, Compl.

5

¶¶ 20-21, but "'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (citation omitted). The Complaint also asserts that BAC was not permitted to foreclose by advertisement because it was not the owner of the indebtedness or an interest in the indebtedness secured by the mortgage, citing *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321 (Mich. Ct. App. 2011). Compl. ¶ 24. *Saurman*, however, has been reversed by the Michigan Supreme Court. *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (Mich. 2011). In reversing the Court of Appeals, the Michigan Supreme Court stated that the holder of a mortgage contingent on satisfaction of a debt is "the owner of . . . an interest in the indebtedness secured by the mortgage," and may therefore foreclose by advertisement under Michigan law. *Id.* at 909, 805 N.W.2d at 183 (citing Michigan Compiled Laws § 600.3204(1)(d)). BAC, the holder of the mortgage, was therefore permitted to foreclose by advertisement. Plaintiff has failed to allege any irregularity sufficient to justify extension of the redemption period, and the redemption period expired more than six months before Plaintiff filed this action. The Court therefore concludes that Plaintiff's challenge to the sheriff's sale is barred.

As H&R notes, Plaintiff has not alleged that H&R currently claims an interest in the property. Plaintiff merely alleges that H&R made the original loan to him and is no longer making such loans. Compl. ¶¶ 11, 16. In an action to quiet title, the complaint must allege the interest the plaintiff claims in the property, the interest the defendant claims in the property, and the facts establishing the superiority of the plaintiff's claim. *See* Michigan

Compiled Laws § 600.2932; Michigan Court Rule 3.411(B)(2). Plaintiff no longer has a claim to the property, as he cannot challenge the foreclosure sale. Thus, his claim fails with respect to H&R.

Bank of America, MERS, and Fannie Mae assert that Plaintiff's claim also must be dismissed for failure to tender payment in satisfaction of the outstanding loan obligation. "'Those who seek equity must first do equity.'" *Blake v. American Trust Co.*, 293 Mich. 618, 623, 292 N.W. 504, 506 (Mich. 1940) (quoting *Tarr v. Western Loan & Sav. Co.*, 15 Idaho 741, 750, 99 P. 1049, 1052 (Idaho 1909)). In *Blake*, the plaintiff admitted that she had borrowed money from the mortgagee, but sought cancellation of a foreclosure based on the mortgagee's failure to comply with the state's foreign corporation statutes. The court noted that the plaintiff had not offered to repay the outstanding loan or any part of it, and held that the plaintiff therefore could not seek cancellation of the foreclosure. *Id.* at 623-24, 292 N.W. at 506. Here, Plaintiff has admitted entering into the loan agreement with H&R. Compl. ¶ 11. He has neither offered to tender payment of the outstanding loan balance nor indicated that he is able to do so. If Plaintiff were to obtain title through this action, he would enjoy a windfall at the expense of his creditors; equity will not permit such a result.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that H&R Block Mortgage Corporation's motion to dismiss is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6);

**IT IS FURTHER ORDERED** that Bank of America, MERS, and Fannie Mae's

motion to dismiss is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Douglas A. McKinney, Esq.
LeRoy L. Asher, Jr., Esq.
Marcy L. Rosen, Esq.
Brian C. Summerfield, Esq.